# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JOHN R. McCOY,**

    **Plaintiff,**

**v.**                                                     **Civil Action no.** <u>2:20-cv-00351</u>

                                                            **Judge** _____

**VIRGINIA DRILLING COMPANY, LLC,**

    **Defendant.**

## COMPLAINT

Plaintiff John R. McCoy, by counsel, states and alleges as follows for his Complaint against defendant Virginia Drilling Company, LLC.

### PARTIES

1. John R. McCoy was, at all relevant times, a citizen and resident of Logan County, West Virginia.

2. Virginia Drilling Company, LLC, is a Delaware limited liability company with its principal place of business in Virginia.

3. Upon information and belief, Virginia Drilling Company, LLC, does not have any members who are residents of West Virginia.

### JURISDICTION AND VENUE

4. The Southern District of West Virginia has personal jurisdiction over this matter because the events forming the basis of this matter occurred in this district.

5. The Southern District of West Virginia has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

6. Venue is proper in this court under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in the Southern District of West Virginia.

## FACTUAL BACKGROUND

7. Plaintiff worked for Defendant as a drill operator from March 19, 2018, to February 26, 2019.

8. On February 25 or February 26, 2019, Defendant selected Plaintiff for a random drug screen.

9. Defendant conducted the random drug screen by taking a urine sample.

10. Plaintiff informed Defendant and the individual conducting the drug screen that he had, for many years, suffered a condition that interfered with his ability to urinate.

11. Plaintiff produced to Defendant and the individual conducting the drug screen medical documentation of his condition at that time.

12. Plaintiff nonetheless produced a urine sample.

13. The individual conducting the drug screen, however, claimed that the sample was of insufficient volume.

14. Plaintiff was unable to produce sufficient urine in enough time to complete the drug screen by urine sample.

15. The individual conducting the drug screen accepted a hair sample from Plaintiff in lieu of a urine sample.

16. A hair sample is sufficient in lieu of a urine sample for purposes of conducting a drug screen.

17. Defendant nevertheless fired Plaintiff because of his inability to produce a urine sample.

18. Defendant did not wait for Plaintiff's drug screen results.

19. Plaintiff fully and properly cooperated with the random drug screen.

20. There is no legitimate reason that Defendant could not accept a drug screen conducted via hair sample, and there are otherwise no legitimate reasons for Defendant to fire Plaintiff.

### COUNT I—FAILURE TO ACCOMMODATE UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT

21. Plaintiff incorporates the preceding paragraphs by reference.

22. The ability to pass a randomized drug screen is an essential function of a drill operator because it is a safety-sensitive position.

23. Plaintiff could have completed, and in fact did complete, the randomized drug screen with the reasonable accommodation of a drug screen by hair sample instead of urine sample.

24. Defendant was aware of Plaintiff's disability and knew, or should have known, of Plaintiff's need for reasonable accommodation.

25. Defendant failed to provide the accommodation.

26. Defendant breached its duty reasonably to accommodate Plaintiff's disability in violation of the West Virginia Human Rights Act ("HRA"), W. Va. Code § 5-11-9.

### COUNT II—DISABILITY DISCRIMINATION UNDER THE HRA

27. Plaintiff incorporates the preceding paragraphs by reference.

28. Plaintiff's medical condition substantially affected some of his major life activities.

29. Plaintiff nevertheless could, and did, perform the essential functions of his job with reasonable accommodation.

30. Defendant fired Plaintiff because of his disability, either real or perceived, in violation of the HRA.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a. Compensatory damages, including lost wages and benefits;

b. Front pay;

c. Consequential damages;

d. Emotional distress and mental anguish damages;

e. Annoyance, inconvenience, humiliation, and loss of dignity damages;

f. Punitive damages;

g. Attorney fees and costs;

h. Pre- and post-judgment interest on all amounts claimed; and

i. Such further relief as the Court deems appropriate.

Plaintiff demands a jury trial.

JOHN R. McCOY,

Plaintiff.

By Counsel:

*/s/ Richard W. Walters*
Richard W. Walters (WVSB #6809)
rwalters@shafferlaw.net
Carl W. Shaffer (WVSB #13260)
cshaffer@shafferlaw.net
SHAFFER & SHAFFER, PLLC
P.O. Box 3973
Charleston, West Virginia 25339
T: 304.344.8716

4